IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL GREGORY | ) | Civil No. 08-00476 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED WITHOUT |
| vs. | ) | PREPAYMENT OF FEES AND DENYING |
| | ) | PLAINTIFF'S REQUEST FOR |
| HILTON RESORTS CORP. dba | ) | APPOINTMENT OF COUNSEL UNDER |
| HILTON GRAND VACATIONS CLUB, | ) | THE CIVIL RIGHTS ACT OF 1964 |
| LLC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER GRANTING PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES
AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT
OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964

Plaintiff Michael Gregory filed an employment discrimination complaint on October 21, 2008, against the Hilton Resorts Corporation dba Hilton Grand Vacations Club, LLC. Concurrent with the filing of his Complaint, Plaintiff filed an Application to Proceed Without Prepayment of Fees ("Application") and a Request for Appointment of Counsel Under the Civil Rights Act of 1964 ("Request"). For the reasons set forth below, the court GRANTS the Application and DENIES the Request without prejudice.

I.  PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES IS GRANTED.

On October 21, 2008, Gregory filed an employment discrimination complaint under 42 U.S.C. § 2000E-5(g) and section 378-2(1) of the Hawaii Revised Statutes. Concurrent with the filing of the Complaint, Gregory filed the Application. To be granted in forma pauperis status, Gregory must establish that he

is a pauper.  To do so, he must submit a sworn statement that describes the assets he possesses and a declaration that he is unable to pay the costs of or give security for this proceeding.  28 U.S.C. § 1915(a)(1).

Gregeroy establishes that he is entitled to proceed <u>in forma pauperis</u>.  In his affidavit, Gregory states that he has a total of $823.27 in his savings and/or checking accounts and that he earns $750 a month.  He attests that he has earned $1010 from self-employment and $645 from rent payments over the last twelve months, putting his total earnings and savings for the year just under $11,500.  The documentation provided by Gregory demonstrates that he falls within the poverty guidelines for Hawaii, published by the Department of Health and Human Services.  <u>See</u> Annual Update of the HHS Poverty Guidelines, 73 F.R. 3971 (Jan. 23, 2008).  Accordingly, the court GRANTS Gregory's Application.

II.     <u>PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL IS DENIED.</u>

There is no constitutional right to the appointment of counsel in employment discrimination cases.  <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 269 (9th Cir. 1982) (citing <u>Moore v. Sunbeam Corp.</u>, 459 F.2d 811 (7th Cir. 1972)).  In considering Gregory's Request, the court considers the following factors: (1) his financial resources; (2) his efforts

to secure counsel; and (3) the meritoriousness of his claim. Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).

The information provided by Gregory demonstrates that he falls with the poverty guidelines for Hawaii.  Thus, the first Bradshaw factor supports the appointment of counsel.

Gregory indicated that he called six attorneys, requesting that they represent him.  While the court notes that Gregory has made some effort to retain counsel, greater efforts could clearly be made.  Contingent fee arrangements are often appropriate when a plaintiff is able to demonstrate the existence of a valid claim, so it may be that Gregory must focus on establishing for counsel why his claims are colorable.  On the present record, the second Bradshaw factor favors denying the appointment of counsel.  This court encourages Gregory to make further efforts to secure counsel and to provide counsel with details supporting his claims.

Finally, the court rules that Gregory has not sufficiently demonstrated that the merits of his claim support the appointment of counsel on his behalf.  Gregory originally filed a complaint with the Hawaii Civil Rights Commission based on race and sexual orientation discrimination.  On July 22, 2008, the Commission issued its Notice of Dismissal and Right to Sue, a copy of which is attached to the Complaint.  The Notice

recommended that the case be closed on the basis of no cause, a finding that was adopted by the Equal Employment Opportunity Commission on October 6, 2008.

Beyond the information submitted to the Commission, Gregory has provided no details regarding his claim.  He claims that he was subjected to sexual orientation harassment, sexual harassment, race discrimination, and retaliation.  However, Gregory fails to present or allege specific facts demonstrating that he was subjected to employment discrimination.  Accordingly, the court has no basis for concluding that his claims are sufficiently meritorious to support the appointment of counsel by this court.

Balancing the three Bradshaw factors, this court DENIES Gregory's Request.

III. CONCLUSION.

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1.	Gregory's Application to Proceed Without Prepayment of Fees is GRANTED.
2.	Gregory's Request for Appointment of Counsel filed October 21, 2008, is DENIED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 23, 2008.



/s/ Susan Oki Mollway

Susan Oki Mollway

United States District Judge

MICHAEL GREGORY v. HILTON RESORTS CORP. dba HILTON GRAND VACATIONS CLUB, LLC., Civil No. 08-00476 SOM/BMK; ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYMENT OF FEES AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964.